IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CARIEN ARMSTEAD, | ) | CASE NO. 1:17 CV 2087 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| | ) | **MEMORANDUM OPINION &** |
| Defendant. | ) | **ORDER** |

# Introduction

Before me[1] is an action by Carien Patricia Armstead under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying her application for supplemental security income.[2] The Commissioner has answered[3] and filed the transcript of the administrative record.[4] Under my initial[5] and procedural[6] orders, the parties have briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9] They have participated in a telephonic oral argument.[10]

---

[1] ECF No. 14. The parties have consented to my exercise of jurisdiction.
[2] ECF No. 1.
[3] ECF No. 13.
[4] ECF No. 11.
[5] ECF No. 5.
[6] ECF No. 12.
[7] ECF No. 19 (Commissioner's brief); ECF Nos. 18, 22 (Armstead's briefs).
[8] ECF No. 19, Attachment 1 (Commissioner's charts); ECF No. 18, Attachment 2 (Armstead's charts).
[9] ECF No. 18, Attachment 1 (Armstead's fact sheet).
[10] ECF No. 25.

**Facts**

**A.     Background facts and decision of the Administrative Law Judge ("ALJ")**

Armstead, who was 45 years old at the time of the administrative hearing,[11] has a 7th grade education.[12] Her past relevant employment history includes work as a housekeeper.[13]

The ALJ, whose decision became the final decision of the Commissioner, found that Armstead had the following severe impairments: lumbar spine degenerative disc disease; right hip and bilateral knee degenerative joint disease; obesity; diabetes mellitus II; borderline intellectual functioning; depression; and post-traumatic stress disorder.[14]

After concluding that the relevant impairments did not meet or equal a listing, the ALJ found Armstead had the residual functional capacity ("RFC") to perform sedentary work as defined in the regulations, with additional limitations.[15] The ALJ decided that this RFC precluded Armstead from performing her past relevant work.[16]

Based on testimony by the vocational expert ("VE") at the hearing, the ALJ determined that a significant number of jobs existed nationally that Armstead could perform.[17] The ALJ, therefore, found Armstead not under a disability.[18]

---

[11] ECF No. 18, Attachment 1 (fact sheet).
[12] *Id.*
[13] *Id.*
[14] ECF No. 11, Transcript ("Tr.") at 22.
[15] *Id.* at 25.
[16] *Id.* at 29.
[17] *Id.* at 30.
[18] *Id.* at 31.

**B.     Issues on judicial review**

Armstead asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Armstead presents the following issues for judicial review:

(1)    The ALJ failed to properly evaluate the medical opinions of record.

   A.   The ALJ failed to discuss or make a finding about the February 26, 2016[,] medical opinion of Dr. Gold[en]berg, the treating psychiatrist.

   B.   The ALJ's reasons for rejecting the other two opinions of Dr. Gold[en]berg failed to rise to the level of good reasons in violation of the mandates of the treating physician rule.

   C.   While the ALJ gave great weight to the opinion of Dr. Harris and relied on it to find that Ms. Armstead was capable of sedentary work, the ALJ rejected without explanation portions of the doctor's opinion that supported a finding of disabled.[19]

For the reasons that follow, I conclude that the ALJ's finding of no disability must be reversed and remanded for further administrative proceedings.

# Analysis

**A.     Applicable legal principles**

*1.     Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if

---

[19] ECF No. 18 at 2-3.

supported by substantial evidence, shall be conclusive . . ." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"

The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[20]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[21] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[22]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

---

[20] *Buxton v. Halter*, 246 F.3d 762, 772-73 (6th Cir. 2001) (citations omitted).
[21] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).
[22] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

## 2. Treating physician rule and "good reasons" requirement

The regulations of the Social Security Administration require the Commissioner to give more weight to opinions of treating sources than to those of non-treating sources under appropriate circumstances.

> Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.[23]

If such opinions are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record," then they must receive "controlling" weight.[24]

The ALJ has the ultimate responsibility for determining whether a claimant is disabled.[25] Conclusory statements by the treating source that the claimant is disabled are not entitled to deference under the regulation.[26]

The Sixth Circuit in *Gayheart v. Commissioner of Social Security*[27] emphasized that the regulations require two distinct analyses, applying two separate standards, in assessing the opinions of treating sources.[28] This does not represent a new interpretation of the

---

[23] 20 C.F.R. § 416.927(d)(2).
[24] *Id.*
[25] *Schuler v. Comm'r of Soc. Sec.*, 109 F. App'x 97, 101 (6th Cir. 2004).
[26] *Id.*
[27] *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365 (6th Cir. 2013).
[28] *Id.* at 375-76.

treating physician rule. Rather, it reinforces and underscores what that court had previously said in cases such as *Rogers v. Commissioner of Social Security*,[29] *Blakley v. Commissioner of Social Security*,[30] and *Hensley v. Astrue*.[31]

As explained in *Gayheart*, the ALJ must first consider if the treating source's opinion should receive controlling weight.[32] The opinion must receive controlling weight if it is (1) well-supported by clinical and laboratory diagnostic techniques and (2) not inconsistent with other substantial evidence in the administrative record.[33] These factors are expressly set out in 20 C.F.R. § 416.927(d)(2). Only if the ALJ decides not to give the treating source's opinion controlling weight will the analysis proceed to what weight the opinion should receive based on the factors set forth in 20 C.F.R. §§ 416.927(d)(2)(i)-(ii), (3)-(6).[34] The treating source's non-controlling status notwithstanding, "there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference . . . ."[35]

The failure of an ALJ to follow the procedural rules for assigning weight to the opinions of treating sources and the giving of good reason for the weight assigned denotes

---

[29] *Rogers*, 486 F.3d at 242.
[30] *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406-07 (6th Cir. 2009).
[31] *Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009).
[32] *Gayheart*, 710 F.3d at 376.
[33] *Id.*
[34] *Id.*
[35] *Rogers*, 486 F.3d at 242.

a lack of substantial evidence even if the decision of the ALJ may be justified based on the record.[36] The Commissioner's *post hoc* arguments on judicial review are immaterial.[37]

The Sixth Circuit has identified certain breaches of the *Wilson* rules as grounds for reversal and remand:

- the failure to mention and consider the opinion of a treating source;[38]

- the rejection or discounting of the weight of a treating source without assigning weight;[39]

- the failure to explain how the opinion of a source properly considered as a treating source is weighed (*i.e.*, treating v. examining);[40]

- the elevation of the opinion of a nonexamining source over that of a treating source if the nonexamining source has not reviewed the opinion of the treating source;[41]

- the rejection of the opinion of a treating source because it conflicts with the opinion of another medical source without an explanation of the reason therefore;[42] and

- the rejection of the opinion of a treating source for inconsistency with other evidence in the record without an explanation of why "the treating physician's conclusion . . . gets the short end of the stick."[43]

---

[36] *Blakley*, 581 F.3d at 407.
[37] *Wooten v. Astrue*, No. 1:09-cv-981, 2010 WL 184147, at *8 (N.D. Ohio Jan. 14, 2010).
[38] *Blakley*, 581 F.3d at 407-08.
[39] *Id.* at 408.
[40] *Id.*
[41] *Id.* at 409.
[42] *Hensley*, 573 F.3d at 266-67.
[43] *Friend*, 375 F. App'x at 551-52.

In *Cole v. Astrue*,[44] the Sixth Circuit reemphasized that harmless error sufficient to excuse the breach of the treating source rule only exists if the opinion it issues is so patently deficient as to make it incredible, if the Commissioner implicitly adopts the source's opinion or makes findings consistent with it, or if the goal of the treating source regulation is satisfied despite non-compliance.[45]

**B.      Application of legal principles**

This case presents as a controlling issue the ALJ's failure to acknowledge and weigh the opinion of a treating psychologist. This failure constitutes reversible error, and remand is required.

Armstead had a treating relationship with a psychologist, Dr. Goldenberg, dating back to 2013.[46] Dr. Goldenberg generated two opinions in 2014, which the ALJ acknowledged and weighed. Dr. Goldenberg issued a third opinion in 2016, opining that Armstead would be absent from work for four days a month because of her severe mental impairment.[47] There is no dispute that the ALJ did not reference that opinion or weigh it in his decision, although it was part of the administrative record before him.[48] There is also no dispute that if the ALJ had given that opinion controlling or substantial weight, the

---

[44] *Cole v. Astrue*, 661 F.3d 931 (6th Cir. 2011).
[45] *Id.* at 940.
[46] Tr. at 426.
[47] *Id.* at 426-28, 465-67.
[48] *Id.* at 499-501.

8

VE would have testified, if asked (he was not), that number of absences would preclude employment. This would have compelled a disability finding at Step Five.

The Commissioner's counsel argues that the 2016 opinion is inconsistent with the objective medical evidence, including the 2014 opinions of Dr. Goldenberg.[49] But this is *post hoc* rationalization.

The failure to acknowledge and weigh the opinion of a treating source is *per se* reversible error.[50] The ALJ must acknowledge, weigh, and give good reasons as to any treating source opinion in the record. This has particular force when, as here, the treating source opines that a limitation exists that would preclude a significant number of jobs in the national economy. Remand is required.

## Conclusion

Because the ALJ failed to acknowledge and weigh the 2016 opinion of treating psychologist Dr. Goldenberg, the no disability finding is reversed and this matter is remanded for further administrative proceedings. On remand, the ALJ must properly consider and weigh all medical source opinions in the record.

IT IS SO ORDERED.

Dated: October 23, 2018　　　　　　　　　　　　　s/ William H. Baughman, Jr.
　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[49] *See* ECF No. 19 at 13-15.
[50] *Blakely*, 581 F.3d at 407-08.